UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YOUR MELLON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>LOG CABIN MANOR HOMEOWNERS ASSOCIATION, *et al.*,<br><br>　　　　　　　　　　Defendant.<br><br>AND ALL RELATED CLAIMS | Case No. 2:15-cv-02026-MMD-CWH<br><br>ORDER |

　　　　This case arises out of a homeowner's association ("HOA") foreclosure and involves a constitutional due process challenge to Nevada Revised Statute Chapter 116's notice provisions. Before the Court is Defendant/counter-claimant SFR Investment Pool 1, LLC's ("Defendant") Motion to Stay. (ECF No. 75.) Plaintiff/counter-defendant ("Plaintiff") has opposed (ECF No. 76) and Defendant has replied (ECF No. 82.)

　　　　The Court had *sua sponte* imposed a temporary stay because of the potential impact of the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA,* 832 F.3d 1154 (9th Cir. 2016), *r'hng* denied (9th Cir. Nov. 4, 2016). (ECF No. 68.) In *Bourne Valley,* the Ninth Circuit found that Chapter 116's notice provisions as applied to a nonjudicial foreclosure of an HOA lien before the 2015 amendment was facially unconstitutional. *Id.* at 1157-60. The Court subsequently lifted the stay after the Ninth Circuit issued the mandate in *Bourne Valley.* (ECF No. 69.) The Court reasoned that *Bourne Valley*'s holding is binding precedent unless and until it is reversed, though such finality may not occur for months. (*Id.*) Within days, the Nevada

Supreme Court in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017), reached the opposite conclusion, finding that Nevada's superpriority lien statutes are not facially unconstitutional. The nonprevailing parties in *Bourne Valley* and *Satico Bay* are seeking review of both decisions in the United States Supreme Court. In light of this latest development, the Court finds that a stay is warranted and will grant Defendant's Motion.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted). *See also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1067 (9th Cir. 2007).

These three factors weigh in favor of a temporary stay in this case, though the duration of the stay may be extended depending on whether the Supreme Court will grant Bourne Valley and Well Fargo's petitions for a writ of certiorari. Plaintiff insists that a stay will be prejudicial because of the continued damages to Plaintiff caused by Defendant's assertion of title to the property at issue. (ECF No. 76 at 3.) However, any damage to Plaintiff from a stay will be outweighed by the fees that all parties will surely incur from continued litigation because a decision by the Court could be rendered moot by a decision in the certiorari proceedings before the Supreme Court. Until there is finality on the issue

of whether Nevada's superpriority lien statutes are constitutional, a stay will benefit the parties and conserve judicial resources.

It is therefore ordered that Defendant's Motion to Stay (ECF No. 75) is granted. This action is temporarily stayed until resolution of the certiorari proceedings before the United States Supreme Court in *Bourne Valley* and/or *Saticoy Bay*. The parties must file a status report within 15 days from such resolution. All pending motions for summary judgment (ECF No. 72, 73, 74) are denied without prejudice and may be refiled within thirty (30) days after the stay is lifted.

DATED THIS 5th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE