UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC9, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-OC9,<br><br>Plaintiff,<br>v.<br><br>LOG CABIN MANOR HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, Inclusive, And ROE CORPORATIONS I-X, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-02026-MMD-CWH<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC,<br><br>Counterclaimant,<br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OC9, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-OC9; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, as nominee beneficiary for DHI MORTGAGE COMPANY, LTD.; VICTORIA J. ARBOLDEA, an individual and JOAQUIN VALDEZ, an individual,<br><br>Counter-Defendants/Cross-Defendants. | |

## I. SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary judgment (ECF No. 109); Plaintiff Bank of New York Mellon's ("BONY") motion for summary judgment (ECF No. 110); and Defendant Log Cabin Manor Homeowners Association's ("HOA") motion for partial summary judgment (ECF No. 115). The Court has reviewed the various joinders, responses, and replies thereto. (ECF Nos. 111, 112, 113, 114, 116, 117, 120, 121, 122, 123.) Because the Court agrees with SFR that the foreclosure sale at issue extinguished BONY's interest in the property, the Court grants SFR's and the HOA's motions for summary judgment and denies BONY's motion for summary judgment.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

### A. Deed of Trust History

Victoria J. Arboleda and Joaquin Valdez ("Borrowers") purchased property ("Property") located within the HOA at 8106 Making Memories Place, Las Vegas, NV 89131 on August 1, 2006. (ECF No. 110 at 3.) The Borrowers executed a note ("the Note") and first deed of trust ("DOT") in exchange for $285,660. (*Id.*) The DOT was assigned to BONY on November 29, 2011. (*Id.*)

### B. HOA Lien and Foreclosure

The Borrowers failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien on August 31, 2010, alleging that $513.02 was due. (*Id.*) The HOA recorded a notice of default and election to sell under the HOA's lien through its agent, Allesi & Koenig, LLC, on March 31, 2011, alleging that $1,824.88 was due. (*Id.*) Bank of America, N.A.—servicer of the loan at the time for the DOT beneficiary—paid the HOA $1,824.88. (*Id.*) The HOA subsequently released its lien. (*Id.*)

///
///

The HOA recorded a new notice of delinquent assessment lien on March 8, 2012, through its agent Nevada Association Services ("NAS"). (*Id.* at 4.) The HOA recorded a notice of default on April 24, 2012, alleging that $1,954.41 was due. (*Id.*)

The HOA recorded a notice of foreclosure sale on July 1, 2014, alleging that $3,344.53 was due to the HOA. (*Id.*) The notice represented that the sale ("HOA Sale") would occur on July 25, 2014, but the HOA Sale was postponed and the HOA actually foreclosed on August 29, 2014. (*Id.*; *see also* ECF No. 113 at 22.) SFR purchased the Property at the HOA Sale for $49,000. (*Id.*)

### C. Complaint & Counterclaim

BONY filed the Complaint on October 20, 2015, asserting the following claims: (1) quiet title/declaratory judgment against SFR; (2) injunctive relief against SFR; (3) violation of procedural due process against the HOA and SFR; (4) tortious interference with contract against the HOA; (5) breach of the duty of good faith against the HOA; (6) wrongful foreclosure against the HOA; and (7) deceptive trade practices against the HOA. (ECF No. 1 at 6-13.)

SFR counterclaimed for quiet title. (ECF No. 14 at 15.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to

raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.     SFR & BONY'S MOTIONS (ECF NOS. 109, 110)**

The Court addresses the issues raised in SFR and BONY's respective summary judgment motions collectively. SFR argues that it is entitled to summary judgment on its counterclaim for quiet title because the HOA Sale extinguished the DOT. (ECF No. 109 at 14.) BONY argues in its response as well as in its own motion for summary judgment that the HOA Sale was invalid because the statute governing the HOA Sale is unconstitutional and, alternatively, that it is entitled to equitable relief. (*See generally* ECF Nos. 110, 112.) The Court considers the constitutionality of the statute governing the HOA Sale—NRS § 116.3116—before turning to BONY's request for equitable relief.

///

### A. Constitutionality of NRS § 116.3116

BONY argues that NRS § 116.3116 is void *ab initio*, facially unconstitutional, and unconstitutional as applied, rendering the HOA Sale void. (ECF No. 110 at 5-10; ECF No. 112 at 4-12.) SFR argues that NRS § 116.3116 is constitutional and further argues that BONY lacks Article III standing to challenge the constitutionality of NRS § 116.3116 on due process grounds. (ECF No. 109 at 8-13; ECF No. 113 at 6, 10-18.)

#### 1. Standing

SFR argues that BONY lacks Article III standing to challenge NRS § 116.3116 on due process grounds because BONY received actual notice of the HOA Sale. (ECF No. 109 at 12; ECF No. 113 at 6.) But in the relevant cases that SFR cites, the plaintiffs challenged the method of notice—not the adequacy of the notice's content. *See Lehner v. United States*, 685 F.2d 1187, 1190 (9th Cir. 1982) (plaintiff argued that oral notice of foreclosure as opposed to written notice violated due process); *Wiren v. Eide*, 542 F.2d 757, 762 (9th Cir. 1976) (plaintiff argued that notice provision of criminal forfeiture statute providing solely for notice by publication violated due process); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (no challenge to notice's content). The difference is important because an individual who challenges the method of notice despite receiving actual notice "has clearly been accorded due process in the application of the statute as to him personally." *Wiren*, 542 F.2d at 762. By contrast, BONY contends it has not personally received due process because the notice required under NRS § 116.3116 (via incorporation of NRS § 107.090) is inadequate. (*See* ECF No. 112 at 9.) Accordingly, the Court finds SFR's argument unpersuasive.

#### 2. *Bourne Valley*

BONY seems to base its argument about the constitutionality of NRS § 116.3116 in part on a Ninth Circuit decision that no longer controls: *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). (*See, e.g.*, ECF No. 110 at 2; ECF No. 112 at 2.) There, the Ninth Circuit found that NRS § 116.3116 violated mortgage lenders' due process rights by requiring mortgage lenders to "opt in" to receive notice of an HOA's

intent to foreclose on a lien. *Id.* at 1158. The appellee argued that NRS § 116.3116 actually mandated notice to all junior lienholders—not just those who opted in—by incorporating the notice provision of NRS § 107.090, but the Ninth Circuit expressly rejected that argument. *Id.* at 1159. The Ninth Circuit reasoned that reading the notice provision of NRS § 107.090 into NRS § 116.3116 "would impermissibly render the express notice provisions of Chapter 116 entirely superfluous." *Id.*

The Nevada Supreme Court had a different take on the interplay between NRS § 116.3116 and NRS § 107.090. In *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018), the court determined that NRS § 116.3116 in fact did incorporate the mandatory notice provisions of NRS § 107.090. Thus, HOAs were required to provide foreclosure notices to all junior lienholders, even those who did not "opt in."

The Nevada Supreme Court has final say on interpretation of Nevada law, *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-CV-00684-GMN-CWH, 2018 WL 6603643, at *3 (D. Nev. Dec. 17, 2018) (citing *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006)), and *Bourne Valley* "is only binding in the absence of any subsequent indication from the [Nevada] courts that [the Ninth Circuit's] interpretation was incorrect," *id.* (alterations in original) (citing *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)). Given that the Nevada Supreme Court's decision eliminated the basis of the Ninth Circuit's decision, "*Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions and, consequently, its finding of facial unconstitutionality." *Id.* The Court thus rejects BONY's argument about the constitutionality of NRS § 116.3116 to the extent it is based on *Bourne Valley*.

### 3. Adequacy of Notice Required by NRS § 107.090

BONY argues that NRS § 116.3116 remains facially unconstitutional despite the incorporation of NRS § 107.090 because NRS § 107.090 only requires the notice to state the time and place of the sale. (ECF No. 110 at 5-6; ECF No. 112 at 5-6.) BONY argues that such notice is inadequate because it does not assert the existence of a superpriority lien, identify its amount, or explain how to satisfy it. (ECF No. 110 at 5-6; ECF No. 112 at

6

5-6.) SFR counters that notice need only inform the lender of the pending foreclosure to be sufficient. (ECF No. 113 at 15-18; ECF No. 116 at 3-4.)

"*Mullane v. Central Hanover Bank & Trust Co.*, [339 U.S. 306 (1950)], and its progeny provide the 'appropriate analytical framework' for considering the adequacy of notice of government action." *Williams v. Mukasey*, 531 F.3d 1040, 1042 (9th Cir. 2008) (citing *Dusenbery v. United States*, 534 U.S. 161, 167-68 (2002)). "Under that framework, 'due process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Jones v. Flowers*, 547 U.S. 220, 226 (2006)). Due process does not require actual notice. *Jones*, 547 U.S. at 226.

BONY first argues that the notice required under NRS § 107.090 is inadequate because it does not assert the existence of a superpriority lien. (ECF No. 110 at 5; ECF No. 112 at 6.) But NRS § 116.3116 indicated that the HOA's lien might have superpriority status, as evidenced by the Nevada Supreme Court's decision to that effect in *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014). Moreover, notice must be "reasonably calculated . . . to apprise interested parties of the pendency of the action"—not the precise effect of the action on any particular interest. Accordingly, the Court rejects BONY's contention that adequate notice required assertion of the existence of a superiority lien. *See also Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-00800-GMN-CWH, 2018 WL 4682334, at *5 (D. Nev. Sept. 28, 2018) (rejecting mortgage lender's argument that "nothing in the Notices was designed to put it on notice that the Deed of Trust could be extinguished").

BONY next argues that NRS § 107.090's notice provision is inadequate because it does not require the notice to identify the amount of the superpriority lien. (ECF No. 110 at 4-5; ECF No. 112 at 6.) But at least in the abstract, notice of the time and place of the sale provides lenders with an opportunity to inquire about the amount of the superpriority lien. And even if the notice did not contain contact information for the HOA, lenders in theory could attend the foreclosure sale and inquire as to the amount of the superpriority

7

lien. While as a practical matter HOAs tended to refuse to identify the superpriority amount when asked, *see U.S. Bank N.A. v. Thunder Props., Inc.*, No. 3:16-cv-00700-RCJ-CBC, 2018 WL 6092627, at *4 (D. Nev. Nov. 21, 2018), hypothetical individual behavior of HOAs cannot ground BONY's facial challenge. Accordingly, the Court rejects this argument. *See also Bank of Am., N.A. v. Saticoy Bay LLC Series*, No. 2:17-cv-02808-APG-CWH, 2018 WL 3312969, at *3 (D. Nev. July 5, 2018) (quoting *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *7 (D. Nev. Mar. 31, 2016)) ("The fact that a notice does not identify a superpriority amount is of no consequence because Chapter 116 gives lienholders notice that the HOA may have a superpriority interest that could extinguish their security interests.").

BONY argues that the notice required under NRS § 107.090 is inadequate because it does not require the notice to explain how to satisfy the superpriority amount. (ECF No. 110 at 5-6; ECF No. 112 at 6.) But notice need not be an exhaustive guidebook to preserving one's interest. Rather, it must "apprise interested parties of the pendency of the action." *Williams*, 531 F.3d at 1042. Notice of the time and place of the foreclosure sale does just that. Accordingly, the Court rejects this argument.

BONY further argues that the sale violated due process as applied, asserting the same arguments that support its facial challenge. (ECF No. 110 at 8; ECF No. 112 at 8.) The Court questions whether BONY's argument actually constitutes an as-applied challenge to NRS § 116.3116 as opposed to a claim for violation of due process arising under 42 U.S.C. § 1983 but need not decide the issue because BONY's "as-applied" arguments fail for the same reasons as discussed *supra*. BONY additionally argues that adequate notice in the foreclosure context must include "the reasons that the mortgage is in default" and "the amount that is due and owing" (ECF No. 112 at 9), but the case BONY cites included no such holding. In *Garcia v. Fed. Nat'l Mortg. Ass'n*, 782 F.3d 736, 740 (6th Cir. 2015), the court found that the plaintiffs received the statutorily required notice in that case—which happened to include "the reasons that the mortgage is in default" and
///

"the amount that is due and owing." That court did not consider the adequacy of the notice required under the statute. *See id.*

### 4. Revival

BONY argues that NRS § 116.3116 is void *ab initio* and must be reenacted to have any effect. (ECF No. 112 at 4.) The Court finds this argument unpersuasive because the Ninth Circuit's decision in *Bourne Valley* was predicated on an incorrect interpretation of Nevada law. In light of the Nevada Supreme Court's clarification of the correct interpretation of NRS § 116.3116, *Bourne Valley* simply has no force or effect as to the constitutionality of NRS § 116.3116.

### B. Equitable Relief

BONY further argues that equitable relief is warranted. (ECF No. 110 at 10.) The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sales price aside, BONY has not demonstrated fraud, unfairness or oppression. BONY first argues that the sale was unfair because the HOA represented in the covenants, conditions, and restrictions ("CC&Rs") that the foreclosure sale would not extinguish the first DOT. (ECF No. 110 at 10-11.) While a mortgage protection clause alone is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale, *Bank of New York Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-CV-256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018), BONY further argues that the HOA misrepresented the date of the HOA Sale. (ECF No. 110 at 11-12.) SFR argues that the foreclosure sale was lawfully postponed and adduces a "certificate of postponement"

asserting that a representative of NAS appeared at the noticed time and place for the HOA Sale and announced the postponement to August 29, 2014. (ECF No. 113 at 22 (citing ECF No. 113-7 at 9).) BONY produces no evidence to dispute SFR's evidence of lawful postponement, and the Court disagrees with BONY that postponing the sale constitutes evidence of fraud, unfairness, or oppression. Accordingly, the Court denies BONY's request for equitable relief.

### C. Default Judgment Against the Borrowers

SFR argues that it is entitled to summary judgment against the Borrowers. (ECF No. 109 at 19.) BONY does not object. (ECF No. 112 at 11.) The Court finds that default judgment is proper. SFR has satisfied the procedural requirements for default judgment under Fed. R. Civ. P. 55(b). The Clerk properly entered defaults against the Borrowers under Fed. R. Civ. P. 55(a) because the Borrowers failed to appear after having been properly served. (ECF Nos. 54, 55.) SFR has also satisfied the factors for obtaining default judgment articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

### D. Remaining Arguments

The Court rejects as moot SFR's arguments about BONY's right of redemption (ECF No. 109 at 18) and BONY's prudential standing (ECF No. 113 at 6.) The Court also rejects as moot BONY's arguments about the conclusive deed recitations (ECF No. 112 at 10) and SFR's bona fide purchaser status (*id.*).

### E. Disposition of SFR & BONY's Motions for Summary Judgment

As discussed above, the Court rejects BONY's challenges to the constitutionality of NRS § 116.3116 and to validity of the HOA Sale. The Court thus grants summary judgment in favor of SFR on all BONY's claims against it—quiet title/declaratory judgment, injunctive relief, and violation of procedural due process—because the HOA Sale was valid and extinguished BONY's interest in the Property. SFR acquired title to the Property pursuant to the HOA Sale free and clear of the DOT.

Additionally, SFR's second counterclaim for preliminary and permanent injunction will be dismissed "as the Court follows the well-settled rule that a claim for injunctive relief

standing alone is not a cause of action." *Wells Fargo Bank, N.A.*, 2018 WL 4682334, at *5 (citations omitted).

## V. THE HOA'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 115)

BONY advanced the following claims against the HOA: violation of procedural due process; tortious interference with contract; breach of the duty of good faith; wrongful foreclosure; and deceptive trade practices. (ECF No. 1 at 6-13.) The HOA moves for summary judgment on each of these claims except the claim for violation of procedural due process. (*See* ECF No. 115 at 3.) The Court grants summary judgment on all of BONY's claims against the HOA, including the claim for violation of procedural due process.

Although the HOA did not move for summary judgment on BONY's claim for violation of procedural due process, the Court will grant summary judgment on this claim sua sponte in light of the Court's findings as to the effect of the HOA Sale in extinguishing BONY's interest in the Property. Sua sponte summary judgment is appropriate because BONY had reasonable notice that the sufficiency of its claim would be at issue in the context of its summary judgment briefing relating to its claims against SFR. *See LN Mgmt. LLC Series 7937 Sierra Rim v. Pfeiffer*, No. 2:13-cv-01934-JCM-PAL, 2017 WL 4172257, at *2 (D. Nev. Sept. 20, 2017).

Regarding BONY's claim for tortious interference with contract, the HOA argues that BONY has not identified facts to show that the HOA took actions designed to disrupt any contractual relationship. (ECF No. 123 at 5.) The Court agrees. (*See* ECF No. 121 at 5.) Moreover, BONY's claim seems to be premised on the HOA Sale having been "intentional and wrongful," but the Court's findings do not support this argument. (*Id.*) To the contrary, because the HOA Sale was conducted pursuant to a statute—NRS § 116.3116—that withstands BONY's constitutional challenge, BONY cannot assert that the HOA Sale was wrongful.

Regarding BONY's claim for breach of the duty of good faith under NRS § 116.1113, the HOA argues that BONY lacks standing to pursue such a claim under NRS

§ 116.4117(2). (ECF No. 123 at 6.) NRS § 116.4117(2) limits who may bring a civil action for failure to comply with Chapter 116 to HOAs, a unit's owner, and a class of unit's owners. Given that BONY does not argue that it is among these groups entitled to bring suit for violation of Chapter 116 (*see* ECF No. 121 at 4-5), the Court agrees with the HOA.

Regarding BONY's claim for wrongful foreclosure, the HOA argues that BONY cannot prevail because it cannot show that the debtor was in default. (ECF No. 123 at 7.) "The elements of a claim for wrongful foreclosure are: (1) that a foreclosure sale occurred; and (2) the [debtor] was not in default." *Elizon Master Participation Tr. 1 v. Saticoy Bay LLC Series 8920 El Diablo*, No. 2:16-cv-00751-JCM-VCF, 2017 WL 4185468, at *8 (D. Nev. Sept. 21, 2017) (alteration in original) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)). BONY concedes that the debtor was in default but argues that the HOA wrongfully foreclosed on its superpriority lien in violation of its own CC&Rs. (ECF No. 121 at 4.) The Court agrees with the HOA because BONY concedes that it cannot satisfy an element of its claim and because the Court's findings do not support BONY's argument that the HOA foreclosed wrongfully.

Regarding BONY's claim for deceptive trade practices, the HOA argues that BONY cannot prevail on its claim because NRS Chapter 598 only applies to goods and services—not real estate loan transactions. (ECF No. 123 at 7.) BONY responds that the HOA provided services in the form of enforcing a general plan for the maintenance, care, use, and management of the HOA neighborhood. (ECF No. 121 at 6.) The Court agrees with the HOA. *See Bank of New York Mellon v. Sierra Ranch Homeowners Ass'n*, No. 2:15-cv-01914-JCM-PAL, 2017 WL 3174904, at *6 (D. Nev. July 26, 2017) ("NRS § 598 is not made expressly applicable in the context of obtaining a home loan secured by real property or the foreclosure thereof.").

The HOA appears in its reply to request summary judgment on BONY's claim for quiet title (ECF No. 123 at 3 ("The HOA is entitled to summary judgment as to Plaintiff's First Claim for Relief for Quiet Title because it does not have a current interest in the

///

subject property."), but BONY does not assert this claim against the HOA (*see* ECF No. 1 at 6).

Accordingly, the Court grants summary judgment in favor of the HOA on BONY's claims.

**VI.      CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that SFR's motion for summary judgment (ECF No. 109) is granted. The Court declares that the HOA Sale extinguished the DOT.

It is further ordered that BONY's motion for summary judgment (ECF No. 110) is denied.

It is further ordered that the HOA's motion for partial summary judgment (ECF No. 115) is granted.

It is further ordered that the Clerk of the Court enter default judgment against Joaquin Valdez and Victoria J. Arboleda.

It is further ordered that the Clerk of the Court enter judgment in favor of SFR and the HOA on all claims and close this case.

DATED THIS 23rd day of January 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE